**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| OHIO GRAVY BISCUIT, INC. AS TRUSTEE FOR THE VIENTIO OAKS 23818 LAND TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:21-CV-997 |
| v. | ) ) | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust F ("Wilmington"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as otherwise provided by law, gives notice of its removal of this action from the District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. By making the statements and allegations contained herein, Wilmington in no way concedes that Plaintiff Ohio Gravy Biscuit, Inc. as Trustee for the Vientio Oaks 23818 Land Trust  ("Plaintiff") is entitled to any recovery. The following statements and allegations concern the Court's removal jurisdiction only:

1.

This action was commenced October 1, 2021, by the filing of a Verified Original Petition and Application for Temporary Restraining Order and to Quiet Title in the District Court for Bexar

County.  As this Notice of Removal is filed within 30 days of the commencement of this action, this filing is timely.

1.

Venue for this Removal is proper in the U.S. District Court for the U.S. District for the Western District of Texas, San Antonio Division because this district and division includes Bexar County, Texas—the location of the pending state court action.[1]

2.

True and correct copies of the Docket Sheet, Original Petition and other documents filed in this lawsuit are attached hereto and incorporated herein as **Exhibit A**.

4.

Title 28 U.S.C. § 1441(a) authorizes the removal of civil actions from a state court to federal district court provided that the federal district court to which the action is removed has original subject matter jurisdiction over the action.

5.

Title 28 U.S.C. § 1332(a) gives federal courts original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6.

Upon information and belief, Plaintiff is, and at the time of the commencement of this action was, a citizen and resident of the State of Ohio. *See* (Petition, at ¶ III).

7.

---

[1] 28 U.S.C. § 124(d)(4) (stating that the San Antonio Division of the Western District includes Bexar County).

Wilmington Savings Fund Society, FSB is a federally chartered savings association with its main office in Delaware.[2] Therefore, Wilmington is deemed a citizen of the State of Delaware for the purposes of diversity citizenship jurisdiction.

8.

As between Plaintiff and Defendants, there exists complete diversity of citizenship under 28 U.S.C. § 1332.

9.

When injunctive relief is sought, "the amount in controversy is measured by the value of the object of the litigation."[3]  When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[4]  It is well-settled law that in actions seeking injunctive relief, "the amount in controversy is measured by the value of the object of the litigation."[5]  The Fifth Circuit has long held that the amount in controversy is the value of the property itself when a plaintiff either seeks to restrain enforcement of a mortgage or halt a foreclosure.[6]

Applied to this matter, the value of the subject property is, at a minimum, $374,190.00, as appraised by the local tax authority.[7]  As a result, the amount in controversy is satisfied by the

---

[2] *See* 28 U.S.C. §1348; 12 U.S.C. §1464(x); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709-715 (9th Cir. 2014) (holding that for diversity purposes a national bank is a citizen of the state designated as its main office in its articles of association).

[3] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see also Carrick Trucking, Inc. v. Lamberth*, No. 2:10-cv-02171, 2011 WL 1085616, at *2 (W.D. Ark. March 23, 2011).

[4] *Martinez v. BAC Home Loans Serv. L.P.*, No. SA–09–CA–951–FB, 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010).

[5] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). See also Hunt, 432 U.S. at 347.

[6] *See e.g., Frontera Transp. Co. v. Abaunza*, 271 F. 199, 201 (5th Cir. 1921) (A $600.00 debt secured by a mortgage was not the amount in controversy; rather, it was the value of property.).

[7] *See* Bexar County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the Court to take judicial notice of the Bexar County Appraisal District Summary because it is a public record and the information it provides

value of the subject property, which exceeds $75,000.00.

10.

Defendant's removal of this action is without prejudice to any of its potential defenses, including all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

11.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served upon Plaintiff and is being filed with the Clerk of Court for the District Court for Bexar County, Texas.

12.

If any question arises as to the propriety of the removal of this action, Wilmington respectfully requests the opportunity to present a brief and oral argument in support of their position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (stating general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

13.

Because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), removal is appropriate under 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendant Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust F requests that the underlying case be removed from the District Court of Bexar County, Texas, and proceed in the United States District Court for the Western District of Texas, San Antonio Division as an action properly removed thereto.

---

is readily ascertainable and the source—the Bexar County Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

This 15th day of October, 2021.

Respectfully submitted,

**Holland & Knight LLP**

*/s/ Adrianne Waddell*
Adrianne Waddell
Texas State Bar No. 24098556
Adrianne.waddell@hklaw.com
98 San Jacinto Blvd., Suite 1900
Austin, Texas  78701
(512) 954-6521 (Phone)
(512) 472-7473 (Facsimile)

Agnes Doyle
Texas State Bar No. 24084423
Agnes.doyle@hklaw.com
811 Main Street, Suite 2500
Houston, TX  77002
(713) 244-6886 (Phone)
(713) 821-7001

*Attorney for Defendant Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust F*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day a true and correct copy of **NOTICE OF REMOVAL** has been filed via the Court's CM/ECF electronic service and served via electronic and United States First Class Mail on the following parties:

> Law Offices of Kenneth S. Harter
> Kenneth S. Harter, Esq.
> 5080 Spectrum Drive, Suite 1000-E
> Addison, TX  75001
> ken@kenharter.com

This 15th day of October, 2021.

> */s/ Adrianne Waddell*
> Adrianne Waddell
>
> *Attorney for Defendant Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust F*